## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 23, 2010

Mr. Steven C. McCraw, Director
Texas Department of Public Safety
5805 North Lamar Boulevard
Austin, Texas 78752-4422

Opinion No. GA-0789

Re: Whether a county's disclosure on its website of driver's license photographs received from the Department of Public Safety would violate the Motor Vehicle Records Disclosure Act or the federal Driver's Privacy Protection Act (RQ-0799-GA)

Dear Mr. McCraw:

Your predecessor, the Interim Director of the Texas Department of Public Safety (the "DPS"), inquired whether Dallas County's plan to post driver's license photographs on a county website would violate the state or federal statutes designed to protect privacy in driver's license records.[1] *See* 18 U.S.C.A. §§ 2721–2725 (West 2000 & Supp. 2009) (Federal Driver's Privacy Protection Act), TEX. TRANSP. CODE ANN. §§ 730.001–.016 (Vernon 1999 & Supp. 2009) (Texas Motor Vehicle Records Disclosure Act). Dallas County officials have requested driver's license photographs from the DPS to post on the Wanted Site of the county's website.[2] *See* Request Letter at 1. This site provides information on individuals who owe large amounts of traffic fines and fees to Dallas County. *See* Wanted Site. The stated purpose of the website is to reduce the number of outstanding citations in the county. *See* Request Letter at 1.

The DPS is concerned that the proposed use of the photos might violate the Federal Driver's Privacy Protection Act (the "DPPA") and the Texas Motor Vehicle Records Disclosure Act (the "Texas Act"), in particular the provisions on redisclosure. *See id.* at 1–3; 18 U.S.C.A. § 2721(c) (West Supp. 2009); TEX. TRANSP. CODE ANN. § 730.013 (Vernon Supp. 2009). The DPPA restricts the disclosure of "personal information" or "highly restricted personal information" obtained by a state department of motor vehicles in connection with a motor vehicle record, with exceptions for

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]Dallas County Wanted and Delinquent Offender Search Service, *available at* http://www.dallascounty.org/dcwantedsearch/ (last visited Aug. 11, 2010) [hereinafter Wanted Site].

certain permissible uses.[3]  *See* 18 U.S.C.A. § 2721(a)(1)–(2) (West Supp. 2009).  "'[H]ighly restricted personal information'" is "an individual's photograph or image, social security number, [and] medical or disability information." *Id.* § 2725(4).  "'[P]ersonal information'" is "information that identifies an individual, including an individual's photograph." *See id.* § 2725(3).  Both "highly restricted personal information" and "personal information" may be disclosed "[f]or use by any government agency, including any court or law enforcement agency, in carrying out its functions." *Id.* § 2721(b).

The Texas Act was adopted to implement the DPPA.  *See* TEX. TRANSP. CODE ANN. § 730.002 (Vernon 1999).  Subject to exceptions in Transportation Code sections 730.005–.007, "an agency may not disclose personal information about any person obtained by the agency in connection with a motor vehicle record." *Id.* § 730.004 (Vernon Supp. 2009).  The DPS, which issues driver's licenses and maintains driver's license records, is an "agency" within chapter 730.[4]  Section 730.007 does not, as a general matter, permit disclosure of a person's photograph. *See id.* § 730.007(a)–(b) (permitting an agency to disclose an individual's name and address, birth date, and driver's license number for various specific purposes, such as use in connection with motor vehicle safety). However, section 730.007(c) provides that section 730.007 does not prohibit the disclosure of a person's photographic image to "a law enforcement agency or a criminal justice agency for an official purpose." *Id.* § 730.007(c)(1)(A).  Thus, the DPS may, but is not required to, disclose driver's license photographs to a law enforcement agency, such as a sheriff's office, for an official purpose.

The restrictions on redisclosure of personal information in the Texas Act are found in Transportation Code section 730.013, which provides as follows:

> (a)  An authorized recipient of personal information may not resell or redisclose the personal information in the identical or a substantially identical format the personal information was disclosed to the recipient by the applicable agency.

> (b)  An authorized recipient of personal information may resell or redisclose the information only for a use permitted under Section 730.007.

> (c)  Any authorized recipient who resells or rediscloses personal information obtained from an agency shall be required by that agency to:

---

[3]"'[M]otor vehicle record'" is defined as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." 18 U.S.C.A. § 2725(1) (West 2000).

[4]The DPS is also subject to the DPPA. *See* 18 U.S.C.A. § 2721(a) (West Supp. 2009); Tex. Att'y Gen. Op. No. JC-0499 (2002) at 1.

> (1)    maintain for a period of not less than five years records as to any person or entity receiving that information and the permitted use for which it was obtained; and
>
> (2)    provide copies of those records to the agency on request.

*Id.* § 730.013(a)–(c). Subsections 730.013(b) and (c) reflect similar provisions in the DPPA. *See* 18 U.S.C.A. § 2721(c) (West Supp. 2009) (limiting an authorized recipient's resale or redisclosure of personal information and requiring record-keeping as to recipients of such information).[5]

The request letter suggests that posting driver's license photographs on a public website would be a redisclosure of personal information in an "identical or substantially identical format" in violation of section 730.013(a). *See* Request Letter at 2; TEX. TRANSP. CODE ANN. § 730.013(a) (Vernon Supp. 2009). It notes that section 730.013(b) would permit Dallas County to "redisclose the information only for a use permitted under Section 730.007" and that the county would have to keep the records of redisclosures required by title 18, section 2721(c). *See* Request Letter at 2; 18 U.S.C.A. § 2721(c) (West Supp. 2009); TEX. TRANSP. CODE ANN. § 730.013(b)–(c) (Vernon Supp. 2009). The DPS raises the additional concern that driver's license photos displayed over the website could be captured and redisclosed by an individual without compliance with the DPPA and Transportation Code chapter 730.[6] *See* Request Letter at 2–3.

We consider how the Texas Act balances the limits on redisclosure of personal information with the law enforcement agency's authority to use such information for an official purpose. Posting driver's license photographs on a publicly available website would seem to have the effect of redisclosing the photographs to anyone who views the site.[7] Presumably, most members of the general public viewing such a site would not be making use of the photographs "for a use permitted under Section 730.007." TEX. TRANSP. CODE ANN. § 730.013(b) (Vernon Supp. 2009).

We also note that section 730.013(c) requires a law enforcement agency to maintain for "not less than five years records as to any person or entity receiving that information and the permitted use for which it was obtained." *Id.* § 730.013(c)(1). This requirement would impose practical

---

[5]The federal act does not, however, include any provision comparable to subsection 730.013(a), which prohibits an authorized recipient of personal information from reselling or redisclosing the information "in the identical or a substantially identical format" it was disclosed to the recipient by the applicable agency. *Compare* TEX. TRANSP. CODE ANN. § 730.013(a) (Vernon Supp. 2009), *with* 18 U.S.C.A. § 2721(c) (West Supp. 2009).

[6]You ask whether Dallas County would be responsible if this happened. Request Letter at 3. The answer to this question depends on all the relevant facts as well as theories of liability relied upon. Questions of fact cannot be resolved in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0430 (2006) at 4.

[7]Without more information, we cannot determine whether such redisclosure would be "in the identical or a substantially identical format" as the photographs were received by DPS, in violation of Texas Transportation Code section 730.013(a). TEX. TRANSP. CODE ANN. § 730.013(b) (Vernon Supp. 2009).

difficulties on any plan to make driver's license photographs or other personal information available to the general public at an online site.

There is scant authority concerning the redisclosure of personal information by a law enforcement agency, but one case finds that a law enforcement agency may redisclose the information to the media for official purposes. *See McQuirter v. City of Montgomery*, No. 2:07-CV-234-MEF, 2008 WL 401360 (M.D. Ala. Feb 12, 2008). A lawsuit was brought under the DPPA by a woman whose name and driver's license photograph were mistakenly used in a police department press release on arrests made in a prostitution sting. *See id.* at *1. The court stated that "the DPPA was not intended to restrict or hinder law enforcement and crime prevention strategies even if those strategies might include releasing personal information to the general public." *Id.* at *5 (citing *Parus v. Kroeplin*, 402 F. Supp. 2d 999, 1006 (W. D. Wis. 2005). It determined that dissemination of the press release to media outlets was "within the limits of permissible law enforcement conduct" under 18 U.S.C.A. § 2721(b)(1). *McQuirter*, 2008 WL 401360, at *6. There is thus some authority for the proposition that disclosing a driver's license photograph to the public for an official law enforcement purpose is not a prohibited redisclosure of that personal information.

No Texas court has addressed whether publication of driver's license photos by a law enforcement agency would be a redisclosure in violation of the DPPA or the Texas Act. Nor has any court addressed publication of such photos online, which may lead to unlimited redisclosures. A Texas court might determine that the Dallas County Sheriff proposes a redisclosure of photographs that would be subject to the restrictions on redisclosure of the Texas Act and the DPPA. In the alternative, it might determine, as did the federal court in *McQuirter*, that a particular disclosure of a driver's license photo was for an official law enforcement purpose and therefore was not a redisclosure subject to the applicable statutory restrictions. Given the lack of Texas authority and the minimal federal authority on the issue raised by the DPS, we cannot state as a matter of law whether the online publication of photos proposed by Dallas County would be permissible or would constitute an unauthorized redisclosure under the state or federal act.

## S U M M A R Y

The Federal Driver's Privacy Protection Act and the Texas Motor Vehicle Records Disclosure Act do not prohibit the Department of Public Safety from disclosing driver's license photographs to the Dallas County Sheriff for use in carrying out law enforcement purposes. We cannot state as a matter of law whether the publication of such photos online would be permissible or would constitute an unauthorized redisclosure under the state or federal act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee